SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:     (617) 994-5800
Facsimile:      (617) 994-5801

*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS RIVAS, in his capacity as Private Attorney General Representative,<br><br>Plaintiff,<br><br>v.<br><br>COVERALL NORTH AMERICA, INC.,<br><br>Defendant | Case No. _____<br><br>**COMPLAINT FOR CIVIL PENALTIES UNDER THE PRIVATE ATTORNEY GENERAL ACT OF 2004 ("PAGA")**<br><br>PRIVATE ATTORNEY GENERAL ACT (PAGA) CLAIM FOR CIVIL PENALTIES (Cal. Lab. Code §2698 *et seq.*) |

1
PAGA COMPLAINT

## I. **INTRODUCTION**

1. Plaintiff Carlos Rivas brings this action on behalf of the state of California and other similarly situated aggrieved individuals who have purchased cleaning "franchises" from Defendant Coverall North America, Inc. ("Coverall") and have performed cleaning work for Coverall in California. As set forth below, Rivas and other similarly situated individuals have been improperly misclassified as independent contractor "franchisees", rather than employees of Coverall and have been denied various benefits to which they are entitled as employees under the California Labor Code. Based on their misclassification, they have been required to pay large fees in order to obtain cleaning work from Coverall, which effectively amounts to Coverall charging them for a job. They have also had numerous improper deductions taken from their pay for such things as franchise fees, insurance, administration fees, interest, or "charge-backs" when a customer fails to pay Coverall for their work, and they have been required to pay the expenses necessary to perform their jobs.

As described further below, in misclassifying Plaintiffs and other similarly situated cleaning workers as independent contractors, Coverall has violated California law, including: (1) Cal. Lab. Code §2802 by requiring its cleaning workers to pay for their cleaning work, as well as pay for various expenses that should have been borne by the employer, such as for cleaning products, equipment, and supplies; (2) Cal. Lab. Code §§ 221 and 224 by requiring the workers to pay for franchise and additional business fees, as well as have other charges improperly deducted from their pay, such as interest, insurance, and administration charges, as well as withholding wages in the form of "chargebacks" when customers fail to pay; (3) Cal. Lab. Code § 226(a) by failing to provide proper itemized wage statements; (4) Cal. Labor Code §204 by failing to pay wages twice each calendar month; (5) Cal. Lab. Code §§ 226.8 by willfully continuing to misclassify its cleaning workers even after a recent ruling by the California Supreme Court has made clear that these workers are employees under California law; and (6)

Cal. Labor Code § 1174(d) by failing to maintain payroll records showing the hours worked daily and calculation of wages paid to its cleaning workers. Plaintiff brings these claims pursuant to the Private Attorney General Act ("PAGA"), Cal. Lab. Code § 2699(f), *et seq.,* on behalf of the state of California and all other similarly situated aggrieved employees who have been misclassified by Coverall in California since December 1, 2016.

## II. PARTIES

2. Plaintiff Carlos Rivas is an adult resident of Lake Forest, California. He has performed cleaning services for Coverall as a Coverall "franchisee" in southern California from approximately 2007 to the present.

3. Defendant Coverall North America, Inc. is a Delaware corporation with its principal place of business in Boca Raton, Florida.

## III. JURISDICTION

4. This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are diverse.

## IV. STATEMENT OF FACTS

5. Coverall is a commercial cleaning business that employs cleaning workers like Mr. Rivas across the country and throughout the state of California, to perform cleaning work for customers who negotiate cleaning services accounts with Coverall.

6. Coverall requires its cleaning workers to sign "franchise agreements" in order to obtain work, and it classifies these workers as independent contractors, rather than employees. Coverall's franchise agreement is a form contract of adhesion establishing the terms and conditions of employment of its cleaning workers.

7. Pursuant to these form contracts, workers pay substantial sums of money as "franchise fees" (and "additional business fees") in order to obtain cleaning work. These fees are sometimes paid in installments over time with interest.

8. Coverall purports to classify its cleaning workers as independent contractors. However, these workers are in fact employees under California law.

9. On April 30, 2018, the California Supreme Court issued its decision in <u>Dynamex Operations W., Inc. v. Superior Court</u>, 4 Cal. 5th 903, 416 P.3d 1 (2018), which makes clear that Coverall cleaning workers should be classified as employees rather than as independent contractors under California law for purposes of wage-and-hour statutes like the ones at issue here. Indeed, in the <u>Dynamex</u> decision, the California Supreme Court expressly cited to two different decisions by Massachusetts courts, holding Coverall cleaning franchisees to be employees under an identical (and nearly identical) "ABC" test. <u>Id.</u> at 963 (citing <u>Awuah v. Coverall North America, Inc.</u>, 707 F.Supp.2d 80, 82 (D. Mass. 2010); <u>Coverall N. America v. Div. of Unemployment</u>, 447 Mass. 852, 857 N.E.2d 1083, 1087 (2006)). The Supreme Court in <u>Dynamex</u> expressly adopted the Massachusetts "ABC" test for purposes of determining whether workers are employees or independent contractors for wage law purposes. <u>Id.</u> at 956, n. 23.

10. Under Prong B of the "ABC" test adopted in <u>Dynamex</u>, in order to justify classifying the drivers as independent contractors, Coverall would have to prove that its cleaning workers perform services outside its usual course of business, which it cannot do. Cleaning workers like Mr. Rivas perform services within Coverall's usual course of business, which is to provide cleaning services to customers. <u>See</u> <u>Awuah v. Coverall N. Am., Inc.</u>, 707 F. Supp. 2d 80, 82-84 (D. Mass. 2010) (cited in <u>Dynamex</u>, at 963, holding that Coverall could not satisfy Prong B of the "ABC" test).

11. Furthermore, the cleaning workers generally do not work in an independently established trade, occupation, profession, or business. Thus, Coverall cannot establish Prong C of

the "ABC" test. <u>See</u> <u>Coverall N. America</u>, 447 Mass. at 856-57 (cited in <u>Dynamex</u>, at 963, holding that Coverall could not satisfy Prong C of the "ABC" test).

12.   Indeed, as required by their contracts, the cleaning workers perform cleaning services exclusively for Coverall's clients. If the workers obtain additional customers (even through their own efforts), those customers become customers of Coverall.

13.   Also, Plaintiffs and other cleaning workers do not represent themselves to the public as being in an independent business to provide cleaning services, and they typically have not invested in an independent business apart from their payment of "franchise" fees to Coverall.

14.   Furthermore, the behavioral and financial control manifested over these workers by Coverall demonstrates that the workers are employees rather than independent contractors (meaning that Coverall cannot satisfy Prong A of the "ABC" test). Coverall instructs the cleaning workers in how to do their work and provides training to them and oversight in how they perform their work. Coverall determines the amount charged to the customer and the amount paid to the cleaning workers. Coverall communicates directly with its customers regarding the workers' services and reprimands the cleaning workers when clients complain. Coverall also takes away cleaning accounts from the workers in its discretion (and then re-sells them to other workers). Coverall retains the unilateral right to terminate the workers' services.

15.   Notwithstanding the <u>Dynamex</u> decision, Coverall has willfully continued to misclassify its cleaning workers as independent contractors.

16.   Because of their misclassification by Coverall as independent contractors, these cleaning workers have not received the benefits that inure from the employment relationship under law. For example, in addition to having to pay fees in order to work, numerous deductions are made from cleaning workers' pay, which constitute improper deductions from wages such as payments towards "franchise fees", "additional business fees", interest payments, payments for Coverall to manage the workers' cleaning accounts, payments for supplies and equipment, and

payments for insurance. Coverall also withholds or deducts workers' pay when it contends that Coverall clients have not paid their bills.

17. Coverall does not provide its cleaning workers with pay statements that conform with state law requirements, reflecting their itemized pay, hours, or wages.

18. Coverall pays its cleaning workers monthly rather than biweekly, as required by state law, and pays them late (the month following when the work is performed).

19. Plaintiff Carlos Rivas initially sought to file these claims against Coverall in arbitration with the American Arbitration Association ("AAA"), pursuant to the arbitration provision in Coverall's franchise agreement, which he was required to sign in order to work for Coverall.

20. However, Mr. Rivas was not able to pursue his claims in arbitration, because at Coverall's urging, the AAA required that Mr. Rivas split arbitration fees, including making a $4,000 deposit in order to begin the arbitration case.

21. Mr. Rivas could not afford to split arbitration fees and was not able to afford this deposit.

22. As a result of Mr. Rivas not depositing $4,000 to begin his case in arbitration, the AAA closed his case and declined to administer it.

## V. PAGA REPRESENTATIVE ACTION ALLEGATIONS

23. On December 1, 2017, Carlos Rivas gave written notice of Coverall's violations of various provisions of the California Labor Code as alleged in this Complaint to the Labor and Workforce Development Agency ("LWDA") and Coverall.

24. More than sixty-five days have lapsed since the LWDA was notified of the Labor Code violations asserted in this Complaint, and the LWDA has not provided any notice that it will or will not investigate the alleged violations. See Cal. Lab. Code § 2699.3(a)(2)(A)

25.     Plaintiff Rivas alleges that Coverall violated PAGA in the following ways: (1) charging cleaning worker employees for their jobs and failing to reimburse them for all necessary expenditures incurred in performing their duties, including but not limited to cleaning supplies, cleaning products, and equipment in violation of Cal. Labor Code § 2802; (2) failing to provide itemized wage statements in violation of Cal. Labor Code § 226(a); (3) taking unauthorized deductions from its workers' pay in violation of Cal. Labor Code §§ 221 and 224; (4) failing to pay all wages twice each calendar month in violation of Cal. Labor Code §204(a) and paying wages late; and (5) failing to maintain "payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed" in violation of Cal. Labor Code § 1174(d).

## COUNT I

### Penalties Pursuant to the Labor Code Private Attorney General Act of 2004
### (Representative Action)

26.     Plaintiff Carlos Rivas incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein. He is an aggrieved employee as defined by Cal. Lab. Code § 2699(c) as he was employed by Coverall during the applicable statutory period and suffered injury as a result of Coverall's Labor Code violations. Accordingly, he seeks to recover on behalf of himself, the State of California, and other current and former aggrieved cleaning worker employees of Coverall, the civil penalties provided by PAGA, plus reasonable attorneys' fees and costs.

27.     Coverall cleaning workers are entitled to penalties for Coverall's violations of Cal. Lab. Code §§ 2802, 226(a), 221, 224, 204, and 1174(d), as set forth by Cal. Lab. Code §699(f) and § 558.  Thus, Plaintiffs seek civil penalties pursuant to PAGA for: (1) charging cleaning workers for their jobs and failing to reimburse them for all necessary expenditures

incurred in performing their duties, including but not limited to cleaning supplies, cleaning products, and equipment in violation of Cal. Labor Code § 2802; (2) failing to provide itemized wage statements in violation of Cal. Labor Code § 226(a); (3) taking unauthorized deductions from its workers' pay in violation of Cal. Labor Code §§ 221 and 224 by deducting franchise fees, insurance, and other payments and withholding wages in the form of "charge-backs" when customers fail to pay; (4) failing to pay all wages twice each calendar month in violation of Cal. Labor Code § 204 and paying them late; and (5) failing to maintain "payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed" in violation of Cal. Labor Code §1174(d).

28. Cal. Lab. Code § 2699(f) provides for civil penalties for violation of all Labor Code provisions for which no civil penalty is specifically provided, such as Labor Code §§ 2802 and 224. With respect to violations of Labor Code § 226(a), Labor Code § 226.3 imposes a civil penalty in addition to any other penalty provided by law of two hundred fifty dollars ($250) per aggrieved employee for the first violation, and one thousand dollars ($1,000) per aggrieved employee for each subsequent violation of Labor Code § 226(a). With respect to violations of Labor Code § 221, Cal. Lab. Code § 225.5 imposes a civil penalty of one hundred dollars ($100) per aggrieved employee for the first violation and two hundred ($200) per aggrieved employee plus twenty-five percent of the amount unlawfully withheld for each subsequent violation or any willful violation. With respect to violations of Labor Code § 204, Cal. Lab. Code § 210 imposes a civil penalty in addition to any other penalty provided by law of one hundred dollars ($100) per aggrieved employee for the first violation, and two hundred ($200) dollars per aggrieved employee plus twenty-five percent of the amount unlawfully withheld. With respect to violations of Labor Code § 1174(d), Cal. Lab. Code § 1174.5 imposes a civil penalty of $500 per aggrieved employee for each willful failure to maintain records.

29.     Mr. Rivas complied with the notice requirement of Cal. Lab. Code § 2699.3 and provided notice via online filing to the California Labor & Workforce Development Agency ("LWDA"), and to Defendant Coverall via Certified Mail, return receipt requested, on December 1, 2017.  It has been 65 days or more since the LWDA was notified of the Labor Code violations asserted in this Complaint, and the LWDA has not provided any notice that it will or will not investigate the alleged violations.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

a. Declare and find that the Defendant violated Cal. Lab. Code §§ 2802, 226(a), 221, 224, 204, 226.8, and 1174, and Cal. Bus. & Prof. Code §17200, *et seq*.;

b. Recovery of all penalties (including, but not limited to, pursuant to Cal. Lab. Code §558) that may be imposed against Defendants under the Private Attorney General Act ("PAGA"), Cal. Lab. Code §2699, *et seq*.;

c. Award pre- and post-judgment interest;

d. Award reasonable attorneys' fees, costs, and expenses;

e. Issue a public injunction in the form of an order requiring Defendant to comply with the California Labor Code; and

f. Any other relief to which the State of California, Plaintiff, and other similarly situated aggrieved employees may be entitled.

Respectfully submitted,

CARLOS RIVAS, in his capacity as Private Attorney General Representative,

By his attorney,

____/s/ Shannon Liss-Riordan_____
Shannon Liss-Riordan (SBN 310719)
(sliss@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800

Dated:      June 7, 2018