SHANNON LISS-RIORDAN (SBN 310719)
sliss@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801

Attorneys for Plaintiff CARLOS RIVAS,
in his capacity as Private Attorney General Representative,

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS RIVAS, in his capacity as Private Attorney General Representative,<br><br>Plaintiff,<br><br>v.<br><br>COVERALL NORTH AMERICA, INC.,<br><br>Defendant | Case No.: 8:18-cv-01007-JGB-KK<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S RENEWED MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date: October 7, 2024<br>Time: 9:00 a.m.<br>Courtroom: 1<br>Complaint Filed: June 7, 2018 |

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................1

II. BACKGROUND ....................................................................................2

III. ARGUMENT ..........................................................................................4

    A. Plaintiff's "Non-Individual" PAGA Claims Should Not Be Dismissed. ...................................................................................4

    B. The Reasoning Underlying the Ninth Circuit's Decision in Magadia Has Been Undermined by the Supreme Court in Viking River. ...........................................................................................7

IV. CONCLUSION ....................................................................................10

# TABLE OF AUTHORITIES

**Cases**

Awuah v. Coverall North America, Inc.,
  707 F.Supp.2d 80 (D. Mass. 2010)..................................................................2

Bracamontes v. United Rentals, Inc.,
  2024 WL 1884052 (E.D. Cal. Apr. 30, 2024).................................................5

Britt on behalf of California v. Lennar Corporation,
  2024 WL 1995243 (E.D. Cal. May 6, 2024)...................................................4

Coverall North America, Inc. v. Com'r of Div. of Unemployment Assistance,
  447 Mass. 852 (2006)......................................................................................2

Hangarter v. Provident Life & Acc. Ins. Co.,
  373 F.3d 998 (9th Cir. 2004)...........................................................................6

Hollingsworth v. Perry,
  570 U.S. 693 (2013) .......................................................................................5

Lawson v. Grub Hub, Inc.,
  2024 WL 396183 (N.D. Cal. Feb 1, 2024)......................................................6

Lee v. Am. Nat'l Ins. Co.,
  260 F.3d 997 (9th Cir. 2001)...........................................................................5

Magadia v. Wal-Mart Assocs., Inc.,
  999 F.3d 668 (9th Cir. 2021)......................................................................1, 6

Radcliff v. San Diego Gas & Elec. Co.,
  2023 WL 8264445 (S.D. Cal. Nov. 28, 2023) ................................................5

Rivas v. Coverall N. Am., Inc.,
  842 F. App'x 55 (9th Cir. 2021).....................................................................3

Roman v. Jan-Pro Franchising Int'l, Inc.,
  342 F.R.D. 274 (N.D. Cal. 2022)....................................................................2

Rubio v. Marriott Resorts Hosp. Corp.,
  2023 WL 8153535 (C.D. Cal. Oct. 17, 2023) ................................................5

Vazquez v. Jan-Pro Franchising Int'l, Inc.,
  986 F.3d 1106 (9th Cir. 2021)........................................................................2

Viking River Cruises, Inc. v. Moriana,
  596 U.S. 639 (2022) .................................................................................................4

**Statutes**

Private Attorneys General Act ("PAGA"),
  Cal. Lab. Code §§ 2698 et seq............................................................................1

## I. INTRODUCTION

Defendant Coverall North America Inc.'s ("Coverall's") Renewed Motion to Dismiss For Lack of Subject Matter Jurisdiction (Dkt. 115), should be denied. The Ninth Circuit recently rejected Coverall's argument that Plaintiff was stripped of *statutory* standing to pursue penalties under the Private Attorneys General Act ("PAGA"), Cal. Lab. Code §§ 2698 et seq., on behalf of other aggrieved employees after his "individual" PAGA claim was compelled to arbitration. The Ninth Circuit remanded to this Court to determine whether Plaintiff maintains Article III standing to pursue such claims.

The answer must be "yes." First, virtually every federal district court in California to rule on a motion seeking to compel a plaintiff's "individual PAGA claim" to arbitration following Viking River has held that the plaintiff's "non-individual PAGA claims" should be stayed pending resolution of the plaintiff's "individual" claim in arbitration. This is not a close question – no court has suggested that the "non-individual claims" must be dismissed for lack of standing (whether statutory standing or Article III standing).

Nothing in the Ninth Circuit's decision in Magadia v. Wal-Mart Assocs., Inc., 999 F.3d 668 (9th Cir. 2021), or any of the other inapposite case law on which Coverall relies, suggests to the contrary. Rather, Magadia and its progeny simply stand for the proposition that a PAGA plaintiff must, at a minimum, suffer the same *kinds* of labor violations as those suffered by the other aggrieved employees on whose behalf the PAGA plaintiff brings his or her "non-individual PAGA claims." That is not at issue in this case.

Second, to the extent Coverall relies on Magadia in support of its argument that a plaintiff may lack Article III standing even though he or she retains statutory standing under PAGA, that case has been effectively overruled by Viking River for the reasons discussed at length below.

Thus, this Court should deny Coverall's motion to dismiss Plaintiff's "non-

1
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Case 8:18-cv-01007-JGB-kk    Document 118    Filed 09/03/24    Page 6 of 16    Page ID #:2426

individual PAGA claims".

## II. BACKGROUND

Plaintiff Carlos Rivas filed this PAGA action on behalf of the state of California and all other similarly situated aggrieved employees on June 7, 2018, alleging that Coverall has misclassified its cleaning worker "franchisees" as independent contractors rather than employees and has committed various violations of the Labor Code as a result. See ECF No. 1. Under Coverall's business model, cleaning workers like Mr. Rivas (who are frequently immigrant workers) are called "franchisees" and are sold "franchise" packages, allowing them to perform work cleaning office buildings. These franchise packages cost thousands of dollars, which are typically paid in an up-front down payment and then financed in part over time through deductions from the workers' pay. In addition, the workers must pay fees to obtain additional business, and they also have various expenses taken out of their paychecks, including deductions for insurance and "charge-backs" when a customer fails to pay Coverall for cleaning work and that money is deducted from the worker's pay.

Following a decision from the Ninth Circuit Vazquez v. Jan-Pro Franchising Int'l, Inc., 986 F.3d 1106 (9th Cir. 2021), a federal court recently held that cleaning "franchisees" for one of Coverall's direct competitors, Jan-Pro Franchising International, Inc., were employees under California state law. See Roman v. Jan-Pro Franchising Int'l, Inc., 342 F.R.D. 274 (N.D. Cal. 2022). Other courts have likewise found Coverall cleaning franchisees just like Mr. Rivas were illegally misclassified as independent contractors when they are actually Coverall's employees. See Awuah v. Coverall North America, Inc., 707 F.Supp.2d 80 (D. Mass. 2010) (finding class of Coverall franchisees in Massachusetts were misclassified as independent contractors when they are really Coverall's employees); Coverall North America, Inc. v. Com'r of Div. of Unemployment Assistance, 447 Mass. 852 (2006) (finding Massachusetts

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Coverall franchisee to be an employee under state unemployment statute).[1]

Cleaning workers like Mr. Rivas must sign an adhesive franchise agreement, drafted by Coverall, which includes an arbitration provision. See ECF No. 65-3, Ex. A at ¶ 21. Within the lengthy arbitration provision is a class action waiver, which states:

> Franchisee and Coverall agree that arbitration shall be conducted on an individual, not a class wide basis, which restriction shall be enforceable to the fullest extent permitted by law. An arbitration between Coverall and Franchisee shall not be consolidated with any other proceeding between Coverall and any other Franchisee. Only Coverall (and its officers, directors, agents and/or employees) and Franchisee (and Franchisee's owners, officers, directors and/or guarantors) may be parties to any arbitration proceeding described in this Paragraph 21.A.

Id. at at ¶ 21(A)(11).

On November 18, 2019, Coverall moved to compel arbitration of Plaintiff's PAGA claims. See ECF No. 65. The Court denied Coverall's Motion on the ground that, under then-controlling law, Coverall could not compel Plaintiff to individually arbitrate his representative PAGA claim. See ECF No. 82. The Ninth Circuit affirmed on appeal. See Rivas v. Coverall N. Am., Inc., 842 F. App'x 55, 56 (9th Cir. 2021), cert. granted, judgment vacated, 142 S. Ct. 2859 (2022).

However, Coverall renewed its Motion to Compel arbitration following the United States Supreme Court's decision in Viking River Cruises, Inc. v. Moriana, 596 U.S. 639 (2022), now arguing that Plaintiff's "individual PAGA claim" must

---

[1] Indeed, in its landmark decision adopting an "ABC" test for employee-status, the California Supreme Court specifically cited to both of these decisions, which found Coverall franchisees to have been misclassified under Prongs B and C of the Massachusetts test respectively. See Dynamex Operations W. v. Superior Court, 4 Cal. 5th 903, 963 (2018), reh'g denied (June 20, 2018). Thus, after Dynamex and Roman, it is clear that Mr. Rivas' claims are particularly strong on the merits.

3
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

be compelled arbitration, while his "non-individual" or "representative" PAGA claims should be dismissed outright. The Court granted Coverall's Renewed Motion to Compel, and dismissed Plaintiff's non-individual PAGA claims on the ground that Plaintiff lacked statutory standing to pursue such claims under Viking River.

On appeal, the Ninth Circuit affirmed the District Court's order compelling Plaintiff's individual PAGA claim to arbitration, but reversed its dismissal of Plaintiff's non-individual PAGA claim, holding that Plaintiff retained statutory standing to pursue such claims in light of the California Supreme Court's recent decision in Adolph v. Uber Technologies, 532 P.3d 682 (Cal. 2023). See id. at 691 ("Standing under PAGA is not affected by enforcement of an agreement to adjudicate a plaintiff's individual claim in another forum."). However, the Ninth Circuit remanded to the Court to determine whether Plaintiff retains Article III standing to bring his non-individual PAGA claims in federal court. For the reasons discussed below, he does.

### III. ARGUMENT

#### A. Plaintiff's "Non-Individual" PAGA Claims Should Not Be Dismissed.

The Court should reject Coverall's argument that this case must be dismissed on the dubious ground that Plaintiff has lost Article III standing to pursue PAGA penalties on behalf of other aggrieved employees simply because his individual claim has been compelled to arbitration. Although the Ninth Circuit characterized this question as one of first impression, there is no precedent supporting such a result.

Instead, it is the consensus among each of the federal district courts in California that have addressed this question that such claims should **not** be dismissed. See Shams v. Revature LLC, 621 F. Supp. 3d 1054 (N.D. Cal. 2022); Britt on behalf of California v. Lennar Corporation, 2024 WL 1995243, at *9-10 (E.D. Cal. May 6, 2024) (rejecting defendant's argument that dismissal of non-

individual claims was required under Viking River); Bracamontes v. United Rentals, Inc., 2024 WL 1884052, at *6 (E.D. Cal. Apr. 30, 2024) (staying plaintiff's non-individual PAGA claims until arbitration is completed); Radcliff v. San Diego Gas & Elec. Co., 2023 WL 8264445, at *1 (S.D. Cal. Nov. 28, 2023) (ordering the parties to arbitrate the plaintiff's individual PAGA claim and staying the representative PAGA claim pending the outcome of the arbitration); Rubio v. Marriott Resorts Hosp. Corp., 2023 WL 8153535, at *4 (C.D. Cal. Oct. 17, 2023) ("The court also adopts Adolph's proposed procedure and stays [the p]laintiff's non-individual PAGA claims pending the result of arbitration."); Shams, 621 F. Supp. 3d at 1059 (applying California state courts' interpretation of PAGA standing in federal court and declining to dismiss plaintiff's non-individual PAGA claim after individual PAGA claim was compelled to arbitration). This Court should follow suit.

Tellingly, none of the cases on which Coverall relies address the issue presently before the Court: whether a Plaintiff's "non-individual" PAGA claims must be dismissed for lack of Article III standing simply because his or her individual PAGA claim is compelled to arbitration.[2] Lee v. Am. Nat'l Ins. Co., 260 F.3d 997 (9th Cir. 2001), which long predates Viking River, involved a plaintiff who purchased insurance from an insurer, but not from the insurer's

---

[2]   Hollingsworth v. Perry, 570 U.S. 693 (2013), has nothing to do with PAGA at all, and is thus completely inapplicable to this case. In Hollingsworth, the United States Supreme Court considered whether petitioners—official proponents of California's Proposition 8, which outlawed same-sex marriage—could step into the shoes of state officials who themselves could not defend the Proposition. Id. at 702. The Supreme Court held petitioners lacked a "direct stake" in the outcome of their appeal, and that theirs was a "generalized grievance" insufficient to confer standing. Id. at 706. The Supreme Court also considered whether petitioners could assert the State of California's rights on the State's behalf, finding they could not. Id. at 707-08, Hollingsworth is easily distinguished, as petitioners were not authorized by state law—as Rivas is here by PAGA—to pursue their claims on the state's behalf.

subsidiary. The Ninth Circuit found the plaintiff did not have standing to assert claims against a subsidiary insurer because he suffered "no individualized injury as a result of the defendant's challenged conduct." Id. at 1001. Likewise, in Hangarter v. Provident Life & Acc. Ins. Co., 373 F.3d 998, 1022 (9th Cir. 2004), the Ninth Circuit held a plaintiff could not pursue injunctive relief against defendants because she had "no contractual relationship with" them and was "not personally threatened by their conduct." That is not the case here where the injuries alleged by Rivas are clearly attributable to Coverall.

Coverall's citation to the Ninth Circuit's more recent decision in Magadia v. Wal-Mart Assocs., Inc., 999 F.3d 668, 678 (9th Cir. 2021), and the many district court cases that followed in its wake, fares no better. In Magadia, the Ninth Circuit found the plaintiff lacked standing to pursue meal break claim violations because "he himself did not suffer injury" from those same alleged violations (i.e., he had not specifically suffered a meal-break violation). Id. at 678. That is not at issue in this case. Here, Rivas himself personally suffered violations of the California Labor Code while working for Coverall, and these are the same violations that support the "non-individual" PAGA claims that he is pursuing on behalf of other aggrieved individuals who worked for Coverall. The sole question before the Court is whether he can continue to bring those "representative claims" when his "individual claim", based on the same underlying Labor Code violations, has been compelled to arbitration.

If anything, Lawson v. Grub Hub, Inc., 2024 WL 396183, (N.D. Cal. Feb 1, 2024) (which Coverall cites despite the fact that the plaintiff in that case did not even enter into an arbitration agreement) suggests that a plaintiff *does* retain Article III standing to pursue non-individual PAGA claims in federal court. It is true, as Coverall points out, that the court in that case held that the plaintiff did not have Article III standing to pursue PAGA penalties for overtime and expense reimbursement violations suffered by *other employees* because he himself did not

suffer those *particular kinds of violations*. See id. at *2. However, the court held that plaintiff *did* have Article III standing to bring PAGA claims on behalf of other aggrieved employees for minimum wage violations, which he himself personally suffered. See id. at *4-5 ("Lawson personally suffered minimum wage violations … [s]o, Lawson has constitutional standing to bring a PAGA claim alleging minimum wage violations."). Critically, the court *also* rejected Grubhub's argument that the plaintiff lacked Article III standing to pursue PAGA penalties for minimum wage violations *occurring after the period during which the plaintiff worked for Grubhub* so long there was not a "significant change in work circumstances as to extinguish Lawson's constitutional standing to pursue penalties for minimum wage violations after [he stopped working for Grubhub]." Id. at *5. In other words, a PAGA plaintiff retains Article III standing to bring non-individual claims on behalf of other aggrieved employees as long as he or she has experienced the same *kind* of PAGA violation at some point in time.[3]

In short, Coverall's cited cases simply do not stand for the proposition that an employee whose individual PAGA claim is compelled to arbitration can never bring non-individual claims on behalf of other aggrieved employees in federal court. Rather, they simply stand for the proposition that a PAGA plaintiff must, at a minimum, suffer the same *type* of violation in order to bring non-individual claims on behalf of other aggrieved employees.

### B. The Reasoning Underlying the Ninth Circuit's Decision in

---

[3] Shwiyhat v. Martin Marietta Materials, Inc., 2023 WL 662129 (N.D. Cal. Oct. 10, 2023), likewise stands for the straightforward proposition that a PAGA plaintiff seeking to bring claims on behalf of other aggrieved employees must suffer the same *type* of labor code violation. See id. at *8 (acknowledging that plaintiff had Article III standing to bring PAGA claims "as to the labor violations he alleges he suffered" but reserving judgment as to whether he could bring PAGA claims on behalf of other aggrieved employees where it was unclear whether such employees suffered "the same labor violations as Plaintiff.").

### **Magadia Has Been Undermined by the Supreme Court in Viking River.**

To the extent Coverall relies on Magadia and its progeny in support of its argument that a plaintiff lacks Article III standing to pursue PAGA penalties in federal court on behalf of other employees for Labor Code violations once his or her "individual PAGA claim" is resolved in arbitration, that decision is no longer good law. The Supreme Court recently undermined a crucial assumption underlying Magadia – that PAGA represents a full assignment of California's interest to a PAGA plaintiff – in Viking River, 142 S. Ct. at 1914 n.2. Thus, Magadia does not compel the Court to dismiss Plaintiff's "non-individual PAGA claims" based on lack of Article III standing.

In Magadia, the plaintiff sought PAGA penalties on behalf of himself and other aggrieved employees for (among other claims) Wal-Mart's violations of the Labor Code's meal break requirements. See Magadia, 999 F.3d at 672. The district court held after a bench trial that plaintiff did not himself suffer meal break violations. See id. Nevertheless, the district court permitted the plaintiff to recover PAGA penalties on the claim because he established that other employees had experienced meal break violations. See id. at 673.

The Ninth Circuit reversed. The court began by analyzing whether plaintiff had Article III standing to recover pursue those penalties in federal court, as he did not personally suffer a meal break violation. See id. at 673-74.[4] The focus of the Ninth Circuit's inquiry was whether a PAGA action was a *qui tam* action, because "*qui tam* actions are a 'well established exception' to the traditional Article III analysis." Id. at 674 (quoting Spokeo, Inc., 136 S. Ct. at 1552 n.*)

---

[4] Generally, to establish Article III standing, "a plaintiff must have (1) suffered an 'injury in fact,' (2) that is fairly traceable' to the challenged conduct, and (3) will be redressed by a favorable decision." Magadia, 999 F.3d at 673-74 (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555 U.S. 560 (1992)). "To show an injury in fact, the plaintiff 'must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical.'" Id. (quoting Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1548 (2016)) (internal quotations omitted).

8
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

1    (Thomas, J., concurring)). As the Supreme Court explained in Vt. Agency of Nat.
2    Res., 529 U.S. at 773, plaintiffs have standing to bring actions under *qui tam*
3    statutes (such as the False Claims Act ("FCA"), 31 U.S.C. §§ 3729 *et seq.*), as the
4    "assignee of a claim has standing to assert the injury in fact suffered by the
5    assignor." In other words, in the context of a *qui tam* statute, the plaintiff has
6    standing where he or she assert claims on behalf of a government entity whose
7    interests have been assigned to them via statute. See id. at 774.

8        Although the Ninth Circuit in Magadia acknowledged that "the California
9    Supreme Court has categorized PAGA as a type of *qui tam* action," id. at 675
10   (citing Iskanian v. CLS Transp. Los Angeles, LLC, 59 Cal. 4th 348, 360 (2014)),
11   the court concluded that PAGA was ultimately too dissimilar to a traditional *qui*
12   *tam* statute to fall within this exception to Article III standing. Id. at 676-77. The
13   chief dissimilarity the court noted was that, under PAGA, plaintiffs do not truly
14   act as agents of the state as they do under traditional *qui tam* statutes. See id. at
15   677. The Ninth Circuit reasoned that PAGA "lacks the procedural controls
16   necessary to ensure that California" retains "substantial authority over the case."
17   Id. Thus, the Ninth Circuit held that "PAGA represents a permanent, *full*
18   assignment of California's interest to the aggrieved employee," and that "[a]
19   complete assignment to this degree—an anomaly among modern *qui*
20   *tam* statutes—undermines the notion that the aggrieved employee is solely
21   stepping into the shoes of the State rather than also vindicating the interests of
22   other aggrieved employees." Id.

23       In Viking River, however, the Supreme Court noted that this analysis was
24   directly at odds with how California courts perceive the function of PAGA. See
25   Viking River, 142 S. Ct. at 1914 n.2. The Supreme Court described the Ninth
26   Circuit's decision in Magadia and explained that the "extent to which PAGA
27   plaintiffs truly act as agents of the State is disputed." Id. The Supreme Court
28   continued, "California precedent strongly suggests that the State retains inherent

authority to manage PAGA actions," because "[t]here is no other obvious way to understand California's precedent's description of the State as the real party in interest 'the real party in interest,'" and "a theory of total assignment appears inconsistent with the fact that employees have no assignable interest in a PAGA claim." Id. (citing Amalgamated Transit Union, Local 1756, AFL-CIO, v. Superior Court, 46 Cal. 4th 993, 1002 (2009)); Thus, for the purposes of Viking River, the Supreme Court assumed that Magadia was wrong and followed the California courts' holdings that "PAGA plaintiffs are agents."[5] Viking River, 142 S. Ct. at 1914 n.2; see also id. at 1914 ("Although the statute's language suggests that an 'aggrieved employee' sues 'on behalf of himself or herself and other current or former employees,' § 2699(a), California precedent holds that a PAGA suit is a 'representative action' in which the employee sues as an 'agent or proxy of the state.'") (quoting Iskanian, 59 Cal. 4th at 389).

Therefore, because Viking River has now made clear that Magadia made incorrect assumptions about the function of PAGA, that decision is no longer good law. As the Court should no longer consider it binding, the Court should hold that Plaintiff's PAGA claims fall under the *qui tam* exception to the Article III requirement, as articulated in Vt. Agency of Nat. Res., 529 U.S. at 773.

## IV.   CONCLUSION

For all the reasons set forth above, Coverall's Renewed Motion to Dismiss for Lack of Subject Matter Jurisdiction should be denied.

---

[5]   Viking River did not address Article III standing but nevertheless considered the degree to which a PAGA plaintiff acts as an agent of the state in the context of determining whether an individual PAGA claim could be compelled to arbitration. See Viking River, 142 S. Ct. at 1914 n.2.

|   |   |
|---|---|
| | Respectfully submitted, |
| | CARLOS RIVAS, in his capacity of Private Attorney General, |
| | By his attorneys, |
| | *s/ Shannon Liss-Riordan* <br> Shannon Liss-Riordan, SBN 310719 <br> LICHTEN & LISS-RIORDAN, P.C. <br> 729 Boylston Street, Suite 2000 <br> Boston, MA 02116 <br> (617) 994-5800 <br> sliss@llrlaw.com |
| Dated: September 3, 2024 | |

<u>Certificate of Service</u>

I hereby certify that on September 3, 2024, the foregoing document was served electronically via ECF on all counsel of record for Defendant.

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS