JULIE A. DUNNE (Bar No. CA-160544)
julie.dunne@us.dlapiper.com
**DLA Piper LLP (US)**
401 B Street. Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701

NORMAN M. LEON (*Admitted pro hac vice*)
norman.leon@us.dlapiper.com
**DLA PIPER LLP (US)**
444 West Lake Street, Suite 900
Chicago, Illinois 60606-0089
Tel: 312.368.4000
Fax: 312.236.7516

Attorneys for Defendant
Coverall North America, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CARLOS RIVAS, in his capacity as Private Attorney General Representative,

Plaintiff,

v.

COVERALL NORTH AMERICA, INC.,

Defendant.

AND RELATED CROSS-CLAIM

CASE NO. 8:18-cv-01007-JGB-KK

**DEFENDANT COVERALL NORTH AMERICA, INC.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS RENEWED MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Hearing Date: October 7, 2024
Time: 9:00 a.m.
Place: Courtroom 1
Judge: Hon. Jesus G. Bernal

Complaint Filed: June 7, 2018

DLA PIPER LLP (US)
LOS ANGELES

CASE NO. 8:18-CV-01007-JGB-KK
**COVERALL NORTH AMERICA, INC.'S REPLY IN SUPPORT OF ITS RENEWED MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................ 1

II. ARGUMENT ............................................................................ 3

A. Every Ninth Circuit Opinion Confirms that Where an Individual Loses a Personal Stake in the Outcome of a Lawsuit, that Lawsuit Must be Dismissed as Moot for Lack of Standing ................. 3

B. *Magadia* Was Not Overruled by *Viking River* ..................................... 9

III. CONCLUSION ......................................................................... 11

i

DLA PIPER LLP (US)
LOS ANGELES

CASE NO. 8:18-CV-01007-JGB-KK

**COVERALL NORTH AMERICA, INC.'S REPLY IN SUPPORT OF ITS RENEWED MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adolph v. Uber Techs., Inc.*,
14 Cal. 5th 1104 (2023)....................1, 5

*Arizonans for Official English v. Arizona*,
520 U.S. 43 (1997)....................3

*Bracamontes v. United Rentals, Inc.*,
No. 223CV02697DADCSK, 2024 WL 1884052 (E.D. Cal. Apr. 30, 2024)....................5

*Britt on behalf of California v. Lennar Corp.*,
No. 1:23-CV-01475-KES-BAM, 2024 WL 1995243 (E.D. Cal. May 6, 2024)....................5

*Castro v. PPG Indus., Inc.*,
No. 21-55340, 2022 WL 3681305 (9th Cir. Aug. 25, 2022)....................11

*Cooley v. ServiceMaster Co.*,
No. 23-15643, 2024 WL 866123 (9th Cir. Feb. 9, 2024)....................6

*Douglas v. U.S. Dist. Court for Cent. Dist. of Calif.*,
495 F.3d 1062 (9th Cir. 2007)....................8

*Edwards v. Chartwell Staffing Servs., Inc.*,
No. CV 16-9187 PSG (KS), 2017 WL 10574360 (C.D. Cal. May 30, 2017)....................8

*Fang v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
No. 19-15022, 810 Fed. Appx. 525 (9th Cir. 2020)....................8

*Genesis Healthcare Corp. v. Symczyk*,
569 U.S. 66 (2013)....................7

*Gonzalez v. Arizona*,
677 F.3d 383 (9th Cir. 2012)....................9

*In re Hain Celestial Seasonings Prods. Consumer Litig.*,
No. SACV 13-01757 AG, 2017 WL 11633199 (C.D. Cal. June 20, 2017)....................7

*Hangarter v. Provident Life & Accident Ins. Co.*,
373 F.3d 998 (9th Cir. 2004)....................4

*Hollingsworth v. Perry*,
570 U.S. 693 (2013)....................3, 6

*Laguna v. Coverall N. Am., Inc.*,
No. 09cv2131–JM (BGS) (S.D. Cal.)....................3

ii

DLA Piper LLP (US)
Los Angeles

CASE NO. 8:18-CV-01007-JGB-KK

COVERALL NORTH AMERICA, INC.'S REPLY IN SUPPORT OF ITS RENEWED MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

*Lair v. Bullock*, 697 F.3d 1200 (9th Cir. 2012) .......... 9

*Lawson v. Grubhub, Inc.*, No. 15-CV-05128-JSC, 2024 WL 396183 (N.D. Cal. Feb. 1, 2024) .......... *passim*

*Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997 (9th Cir. 2001) .......... 4

*Magadia v. Wal-Mart Assocs., Inc.*, 999 F.3d 668 (9th Cir. 2021) .......... *passim*

*Patel v. 7-Eleven, Inc.*, __ N.E.3d __, 2024 WL 4046630 (Mass. Sept. 5, 2024) .......... 3

*Radcliff v. San Diego Gas & Elec. Co.*, No. 20-cv-01555-H-MSB, 2023 WL 8264445 (S.D. Cal. Nov. 28, 2023) .......... 5

*Randall v. United Network for Organ Sharing*, No. 2:23-CV-02576-MEMF-MAA, -- F. Supp. 3d --, 2024 WL 2035828 (C.D. Cal. Mar. 11, 2024) .......... 7

*Rivas v. Coverall N. Am.*, No. 22-56192, 2024 WL 1342738 (9th Cir. Mar. 29, 2024) .......... 1, 5

*Rubio v. Marriott Resorts Hosp. Corp.*, No. 823CV00773FWSADS, 2023 WL 8153535 (C.D. Cal. Oct. 17, 2023) .......... 5

*Sarmiento v. Sealy, Inc.*, No. 21-16562, 2022 WL 4008004 (9th Cir. Sept. 2, 2022) .......... 11

*Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208 (1974) .......... 7

*Shams v. Revature LLC*, 621 F. Supp. 3d 1054 (N.D. Cal. 2022) .......... 5

*Smith v. T-Mobile USA Inc.*, 570 F.3d 1119 (9th Cir. 2009) .......... 7

*Summers v. Earth Island Inst.*, 555 U.S. 488 (2009) .......... 3, 6

*United States v. Robertson*, 875 F.3d 1281 (9th Cir. 2017) .......... 10

*Viking River Cruises, Inc v. Moriana*, 596 U.S. 639 (2022) .......... *passim*

**Statutes**

Cal. Bus. & Prof. Code § 17204 .......... 4

iii

DLA Piper LLP (US)
Los Angeles

CASE NO. 8:18-CV-01007-JGB-KK

**COVERALL NORTH AMERICA, INC.'S REPLY IN SUPPORT OF ITS RENEWED MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Defendant COVERALL NORTH AMERICA, INC. ("Coverall") hereby submits this Reply Memorandum in further support of its Renewed Motion to Dismiss Plaintiff's Amended Complaint for Lack of Subject Matter Jurisdiction.

**I. INTRODUCTION**

Plaintiff's Opposition to Coverall's Renewed Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Opposition") never addresses the precise issue that is raised by Coverall's Motion and that the Ninth Circuit asked this Court to address: whether, having been compelled to arbitrate his individual PAGA claims, Plaintiff retains Article III standing to prosecute representative PAGA claims in Court. And his silence speaks volumes. If, as Plaintiff contends, he retains constitutional standing, then he should be able to identify what personal stake he has in the resolution of the representative PAGA claims he asserted on behalf of others. But his Opposition never does this. Instead, he just proclaims that "virtually every district court in California to rule on a motion seeking to compel a plaintiff's 'individual PAGA claim' to arbitration following *Viking River* has held that the plaintiff's 'non-individual PAGA claims' should be stayed pending resolution of the 'individual' claim in arbitration." (Opposition at Page ID#:2425.) The problem with this assertion is that every district court case Plaintiff cites determined that a stay was warranted based solely on the principles of *statutory standing* discussed in *Adolph v. Uber Techs., Inc.*, 14 Cal. 5th 1104 (2023). Not one of those cases discusses (or even mentions) Article III standing, which the Ninth Circuit has made clear is a separate inquiry that is governed by federal law, not state law. *Rivas v. Coverall N. Am.*, No. 22-56192, 2024 WL 1342738, at *2 (9th Cir. Mar. 29, 2024).

On that issue, this is not (to use Plaintiff's phrase) "a close question." Every Ninth Circuit opinion, and every district court that has addressed the Article III standing issue, has concluded that, to have the "personal stake" needed to prosecute representative PAGA claims on behalf of others, a plaintiff must have suffered the

1

DLA PIPER LLP (US)
LOS ANGELES

CASE NO. 8:18-CV-01007-JGB-KK
COVERALL NORTH AMERICA, INC.'S REPLY IN SUPPORT OF ITS RENEWED MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

same injuries allegedly suffered by other employees. And, that "personal stake" must exist throughout all stages of the litigation. If a party's claims have been resolved (for example, by an offer of judgment, or a motion for summary judgment, or a private settlement) or sent to arbitration for resolution, that party no longer has standing to prosecute those claims on behalf of others. This simple (and undisputed) principle necessarily dooms Plaintiff's ability to prosecute any non-individual PAGA claims, because even if he had some concrete stake in those claims when this suit was filed, having been compelled to arbitrate his individual PAGA claims, Plaintiff no longer has any claims for this Court to address or injury for this Court to redress. He therefore lacks standing.

Without a concrete injury to point to, Plaintiff effectively asks this Court to simply do away with this Article III requirement. Recycling the same argument that was raised and recently rejected in *Lawson v. Grubhub, Inc*., No. 15-CV-05128-JSC, 2024 WL 396183 (N.D. Cal. Feb. 1, 2024), Plaintiff argues that this Court should disregard the Ninth Circuit's opinion in *Magadia v. Wal-Mart Assocs., Inc.*, 999 F.3d 668 (9th Cir. 2021) because it "has been effectively overruled" by the Supreme Court's opinion in *Viking River Cruises, Inc v. Moriana*, 596 U.S. 639 (2022). (Dkt. 118 at Page ID#:5, 12-14.) There is no support for this assertion. As *Lawson* correctly recognized (and as evidenced by the courts' continuing reliance on *Magadia*), there is nothing in *Viking River* that is clearly irreconcilable with *Magadia*, which remains the final and binding word on Article III standing in PAGA suits. In fact, *Viking River* never even addressed the issue of constitutional standing that lies at the heart of *Magadia's* holding. It only addressed statutory standing. Because the principles laid out in *Magadia* establish that Plaintiff has no injury for this Court to redress, the non-individual PAGA claims before this Court should be dismissed based on lack of

2

DLA PIPER LLP (US)
LOS ANGELES

CASE NO. 8:18-CV-01007-JGB-KK

**COVERALL NORTH AMERICA, INC.'S REPLY IN SUPPORT OF ITS RENEWED MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

jurisdiction.[1]

## II. ARGUMENT

### A. Every Ninth Circuit Opinion Confirms that Where an Individual Loses a Personal Stake in the Outcome of a Lawsuit, that Lawsuit Must be Dismissed as Moot for Lack of Standing

The most significant takeaway from Plaintiff's Opposition is not what it says, but what it fails to say. **Nowhere** in his Opposition does Plaintiff dispute (i) that a plaintiff seeking to invoke federal jurisdiction must demonstrate that he possesses a "personal stake" in the outcome of the action (*Summers v. Earth Island Inst*., 555 U.S. 488, 493 (2009)), and (ii) that this personal stake "must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)); *accord Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013) (standing "must persist throughout all stages of [the] litigation"). Further, Plaintiff does not dispute that because his individual PAGA claim has been sent to arbitration, he no longer has any injury to be redressed by this Court. Whether he wins, loses, or draws in arbitration, the alleged injuries for which Plaintiff seeks redress—*i.e.*, his entire

[1] Coverall will not belabor Plaintiff's assertions that other courts have concluded that one of Coverall's competitors misclassified its franchisees (because that is irrelevant) or that, nearly 15 years ago, a court in Massachusetts came to the same conclusion about Coverall's franchisees. As the Massachusetts Supreme Judicial Court recently clarified, that holding was premised on the fact that, at that time, the franchisees "provided janitorial labor for *the franchisor's customer accounts* and was paid by the franchisor for doing so." *Patel v. 7-Eleven, Inc.*, __ N.E.3d __, 2024 WL 4046630, at *6 (Mass. Sept. 5, 2024) (emphasis added). That assertion does not accurately characterize Coverall's current business model. Coverall does not "pay" its franchisees anything and, as part of its settlement of a lawsuit entitled *Laguna v. Coverall N. Am., Inc.*, No. 09cv2131–JM (BGS) (S.D. Cal.), Coverall assigned ownership of its customer accounts to its franchisees.

3

DLA PIPER LLP (US)
LOS ANGELES

CASE NO. 8:18-CV-01007-JGB-KK

COVERALL NORTH AMERICA, INC.'S REPLY IN SUPPORT OF ITS RENEWED MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

"personal stake"—will be ruled on by an arbitrator in a final and binding proceeding, not by this Court.

That, respectfully, should be the end of the matter. Because Plaintiff has no personal stake in the non-individual PAGA claims that are currently pending in this Court, he has no standing to prosecute those claims. This is not simply the weight of authority. **Every** Ninth Circuit opinion to address the issue has made clear that when a party has no individual injury to be redressed by the court, that party lacks Article III standing to prosecute a suit in federal court. That is true even if a state statute (like PAGA) might give them standing to press those same claims in state court. *See, e.g.*, *Magadia v. Wal-Mart Assocs., Inc.*, 999 F.3d 668, 677-78 (9th Cir. 2021); *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1022 (9th Cir. 2004) ("Even if Cal. Bus. & Prof. Code § 17204 permits a plaintiff to pursue injunctive relief in California state courts as a private attorney general even though he or she currently suffers no individualized injury as a result of a defendant's conduct," the plaintiff must show the requisite injury to establish Article III standing.); *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1002 (9th Cir. 2001) (person who had not "actually been injured by the defendants' challenged conduct" lack standing to sue in federal court even though the state statute allowed any person to sue on behalf of the state).

The sole case Plaintiff cites—*Lawson v. Grub Hub, Inc.*, No. 15-cv-05128-JSC, 2024 WL 396183 (N.D. Cal. Feb. 1, 2024)—is not to the contrary. Although *Lawson* held that a plaintiff could pursue penalties for minimum wage violations that occurred after his employment ended, the reason it did so was because (i) he allegedly suffered and had standing to pursue penalties for the same minimum wage violations in court, and (ii) the policies that allegedly led to the plaintiff's minimum wage violations were the same in practice as those that existed after his employment ended. *Id.* at *5. Here, in contrast, Plaintiff has **no claims** in this Court and will have **no injury** for this Court

4

DLA PIPER LLP (US)
LOS ANGELES

CASE NO. 8:18-CV-01007-JGB-KK
COVERALL NORTH AMERICA, INC.'S REPLY IN SUPPORT OF ITS RENEWED MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

to redress. There is no case which supports the notion that he retains constitutional standing to sue on behalf of others in those circumstances (and Plaintiff cites none).

Unable to rebut the unanimous Ninth Circuit authority on this issue, Plaintiff proffers two arguments. Neither convinces. First, he contends that the federal courts have supposedly reached a consensus that non-individual PAGA claims should not be dismissed where, as here, the named plaintiff's claims have been sent to arbitration. But not one of these cases discussed (or even mentioned) Article III standing. Rather, each addressed only whether a plaintiff who had been compelled to arbitrate retained standing **as a matter of state law** (*i.e.*, statutory standing). *See Shams v. Revature LLC*, 621 F. Supp. 3d 1054, 1059 (N.D. Cal. 2022) (denying motion to dismiss non-individual claims based on the California Supreme Court's "interpretation of PAGA standing");[2] *Britt on behalf of California v. Lennar Corp.*, No. 1:23-CV-01475-KES-BAM, 2024 WL 1995243, at *10 (E.D. Cal. May 6, 2024) ("In this case, the *Adolph* decision squarely rejects defendants' argument as to dismissal."); *Bracamontes v. United Rentals, Inc.*, No. 223CV02697DADCSK, 2024 WL 1884052, at *6 (E.D. Cal. Apr. 30, 2024) ("the court will stay plaintiff's representative PAGA claims in keeping with the decision … in *Adolph*.); *Radcliff v. San Diego Gas & Elec. Co.*, No. 20-cv-01555-H-MSB, 2023 WL 8264445, at *1 (S.D. Cal. Nov. 28, 2023) (staying non-individual PAGA claims pending arbitration and citing *Adolph*); *Rubio v. Marriott Resorts Hosp. Corp.*, No. 823CV00773FWSADS, 2023 WL 8153535, at *4 (C.D. Cal. Oct. 17, 2023) ("The court also adopts *Adolph's* proposed procedure…."). As the Ninth Circuit has made clear, this case presents an entirely separate question: namely,

---

[2] The *Shams* court has more recently noted the distinction between Article III standing and statutory standing. (*See* May 6, 2024 Order to Show Case, Dkt. 33 in No. 5:22-cv-1745-NC, where the district court noted that while "prior arguments and orders in this case have focused on statutory standing for a representative PAGA claim … the Ninth Circuit has emphasized that Article III standing must be satisfied in a separate inquiry under federal law.") (internal citations and quotations omitted).

5

DLA PIPER LLP (US)
LOS ANGELES

CASE NO. 8:18-CV-01007-JGB-KK
COVERALL NORTH AMERICA, INC.'S REPLY IN SUPPORT OF ITS RENEWED MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

whether standing exists under Article III. And that question is "governed by federal law," not state law. *Coverall N. Am.*, No. 22-56192, 2024 WL 1342738, at *2 (9th Cir. Mar. 29, 2024); *accord Cooley v. ServiceMaster Co.*, No. 23-15643, 2024 WL 866123, at **2-3 (9th Cir. Feb. 9, 2024) (although the California Supreme Court has held that "Cooley has statutory standing to bring his representative PAGA claims [even after his individual PAGA claims are compelled to arbitration], … Article III standing is a separate inquiry, however, and it is a question of federal law, not state law") (internal quotations omitted).[3]

Second, Plaintiff argues that a PAGA plaintiff retains Article III standing even if his claims have been sent to arbitration for resolution or otherwise resolved if "he or she has experienced the same kind of PAGA violation at some point in time." (Dkt. 118 at Page ID#:2431.) While that may be the law in state court, it is not the law in federal court. As noted above, Article III is not satisfied simply because someone was once injured or because standing existed at the time a complaint is filed. "Standing must 'persist throughout all stages of [the] litigation.'" *Magadia*, 999 F.3d at 674 (quoting *Hollingsworth*, 570 U.S. at 705) (bracket in original). "If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed

[3] Disregarding this distinction, Plaintiff argues that *Hollingsworth v. Perry*, which Coverall relies on, "is easily distinguished, as petitioners [in that case] were not authorized by state law—as Rivas is here by PAGA—to pursue their claims on the state's behalf." (Dkt. 118 at Page ID#:2429, n.2.) The fact that Rivas has been "authorized by state law" to pursue claims on the state's behalf is, of course, irrelevant in assessing whether he has Article III standing to sue in federal court. *See Hollingsworth*, 570 U.S. at 715 ("States cannot alter th[e] role [of Article III] simply by issuing to private parties who otherwise lack standing a ticket to the federal courthouse."); *Summers v. Earth Island Inst.*, 555 U.S. 488, 497 (2009) ("[T]he requirement of injury in fact is a hard floor of Article III jurisdiction that cannot be removed by statute.").

DLA Piper LLP (US)
Los Angeles

6

CASE NO. 8:18-CV-01007-JGB-KK
**COVERALL NORTH AMERICA, INC.'S REPLY IN SUPPORT OF ITS RENEWED MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

as moot." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)); *accord In re Hain Celestial Seasonings Prods. Consumer Litig.*, No. SACV 13-01757 AG (ANx), 2017 WL 11633199, at *3 (C.D. Cal. June 20, 2017); *Randall v. United Network for Organ Sharing*, No.: 2:23-CV-02576-MEMF-MAA, -- F. Supp. 3d --, 2024 WL 2035828, at *5 (C.D. Cal. Mar. 11, 2024) (dismissing claim for injunctive relief challenging kidney-transplant waiting requirements because, while the suit was pending, the plaintiff received a kidney transplant, "depriv[ing] [him] of any standing he once had to seek such an injunction"). For example, in *Genesis Healthcare*, the Supreme Court held that a plaintiff "lacked any personal interest" in the matter, and therefore could not act as the representative of a collective in a Fair Labor Standards Act ("FLSA") case, because the defendant had extended an offer of judgment that satisfied in full all the plaintiff's alleged damages, attorneys' fees, and costs. 569 U.S. at 71-3; *accord Smith v. T-Mobile USA Inc.*, 570 F.3d 1119, 1123 (9th Cir. 2009) ("a FLSA plaintiff who voluntarily settles his individual claims prior to being joined by opt-in plaintiffs and after the district court's certification denial does not retain a personal stake in the appeal so as to preserve our jurisdiction."). In *Narouz v. Charter Commc'ns, LLC*, the Ninth Circuit recognized that a plaintiff lacks standing to represent a class if he has released all his claims. 591 F.3d 1261, 1264 (9th Cir. 2010) ("In order to retain ... a 'personal stake,' a class representative cannot release any and all interests he or she may have had in class representation through a private settlement agreement."). And it has long been settled law that a plaintiff cannot represent a putative class if he has not suffered the same injury as the members of the class he purports to represent. *See Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 216 (1974) ("To have standing to sue as a class representative it is essential that a plaintiff must be a part of that class, that is, he must possess the same interest and suffer the same injury shared by all members of the class he represents.").

7

DLA PIPER LLP (US)
LOS ANGELES

CASE NO. 8:18-CV-01007-JGB-KK

**COVERALL NORTH AMERICA, INC.'S REPLY IN SUPPORT OF ITS RENEWED MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

The same principle has been applied in cases where, like this one, the claims of the representative of a putative class or collective have been sent to arbitration. In *Douglas v. U.S. Dist. Court for Cent. Dist. of Calif.*, 495 F.3d 1062, 1069 (9th Cir. 2007), for example, the Ninth Circuit recognized that a party loses standing, and can no longer act as a class representative, if his individual claims have been sent to arbitration for resolution. *Id*. at 1069 ("If Douglas's individual claim is rendered moot because it is fully satisfied as a result of the arbitration, he would lose his status as class representative because he would no longer have a concrete stake in the controversy."); *accord Fang v. Merrill Lynch, Pierce, Fenner & Smith, Inc*., No. 19-15022, 810 Fed. Appx. 525, at *527 (9th Cir. 2020) ("the FINRA panel's resolution of Fang's individual claim extinguished any 'concrete stake' she might otherwise have had in a class action for the same conduct"); *Edwards v. Chartwell Staffing Servs., Inc*., No. CV 16-9187 PSG (KS), 2017 WL 10574360, at *7 (C.D. Cal. May 30, 2017) ("[a]s a matter of federal procedure, courts granting a motion to compel individual arbitration simultaneously render the individual's class claims moot"). In fact, while it dealt with statutory standing (as opposed to Article III standing), the Supreme Court applied this exact same principle in *Viking River Cruises, Inc v. Moriana*, 596 U.S. 639 (2022). Addressing what the lower state courts "should have done with Moriana's non-individual [PAGA] claims," the Supreme Court noted that under PAGA's then-governing standing requirements, a plaintiff could "maintain non-individual PAGA claims in an action only by virtue of also maintaining an individual claim in that action." *Id*. at 663. Therefore, when her "own dispute [was] pared away from [the] PAGA action" and sent to arbitration, Moriana lost "statutory standing to continue to maintain her non-individual claims in court, **and the correct course [was] to dismiss her remaining claims**." *Id*. (emphasis added).

Although the California Supreme Court has since clarified *state court* standing rules to address *Viking River's* conclusion, it has no power to alter the limitations

8

DLA PIPER LLP (US)
LOS ANGELES

CASE NO. 8:18-CV-01007-JGB-KK
COVERALL NORTH AMERICA, INC.'S REPLY IN SUPPORT OF ITS RENEWED MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

imposed by Article III. And there is no reason to come to a different conclusion in this case simply because it involves Article III standing as opposed to statutory standing. Like the pre-*Adolph* version of PAGA, Article III does not permit a plaintiff to prosecute a suit on behalf of another party when the plaintiff has no extant injury of his own. Therefore, as in *Viking River*, when Plaintiff's "own dispute [was] pared away from [the] PAGA action" and sent to arbitration, he lost "[constitutional] standing to continue to maintain [his] non-individual claims in court, and the correct course is to dismiss [his] remaining claims." *Id*.

**B. *Magadia* Was Not Overruled by *Viking River***

Plaintiff's assertion that *Magadia* and its progeny are "no longer good law" is not only patently incorrect, but effectively asks this Court to adopt the very holding (*i.e.*, that PAGA actions are *qui tam* actions that confer Article III standing on private parties with no injury of their own) that *Magadia* explicitly rejected. (Dkt. 118 at Page ID#:2432.) According to Plaintiff, this Court should ignore *Magadia* because one of the bases for its standing discussion—that "PAGA represents a permanent, full assignment of California's interest to the aggrieved employee" (*Magadia*, 999 F.3d at 678)—was supposedly "undermined" by *Viking River's* statement in dicta (in a footnote) that "a theory of total assignment appears inconsistent with the fact that employees have no assignable interest in a PAGA claim." *Viking River*, 596 U.S. at 646 n.2. This argument fails for several reasons.

To begin with, under the "law of the circuit" rule, "a published decision of [the Ninth Circuit] constitutes binding authority which 'must be followed unless and until overruled by a body competent to do so.'" *Gonzalez v. Arizona*, 677 F.3d 383, 389 n.4 (9th Cir. 2012) (citation omitted). "It is not enough for there to be some tension between the intervening higher authority and prior circuit precedent, or for the intervening higher authority to cast doubt on the prior circuit precedent." *Lair v. Bullock*, 697 F.3d 1200, 1207 (9th Cir. 2012). Rather, this "high standard" requires a

9

DLA PIPER LLP (US)
LOS ANGELES

CASE NO. 8:18-CV-01007-JGB-KK
COVERALL NORTH AMERICA, INC.'S REPLY IN SUPPORT OF ITS RENEWED MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

clear showing that the opinion at issue is "clearly irreconcilable" with a subsequent Supreme Court decision. *See United States v. Robertson*, 875 F.3d 1281, 1291 (9th Cir. 2017) (citation omitted); *see also Gonzalez*, 677 F.3d at 389 n.4. As the Northern District of California just recognized in rejecting this identical argument, that high standard is not met here. *Lawson*, 2024 WL 396183, at *3.

First, *Magadia* and *Viking River* addressed two different issues: constitutional standing and statutory standing. "*Viking River* never addressed constitutional standing because the case arose from a California state court and Article III standing was not at issue." *Lawson*, 2024 WL 396183, at *3.[4] Because the Supreme Court's opinion in *Viking River* "left unexamined whether PAGA plaintiffs are state agents for the purposes of constitutional standing" (*id*.), it could hardly have "overruled" *Magadia's* holding on that point. Second, as *Lawson* also recognized, *Viking River* never addressed one of the other grounds for *Magadia's* conclusion that PAGA actions were not properly treated as *qui tam* actions: *i.e.*, because "PAGA explicitly implicates the interests of others beside the plaintiff and the state." *Id*. Third, contrary to Plaintiff's characterization of the Court's opinion, *Viking River's* discussion on the extent of the assignment of interest implicated by PAGA was not the Court's holding. It is likely not even dicta, as *Viking River* specifically noted that "[t]he extent to which PAGA plaintiffs truly act as agents of the State rather than complete assignees [was] disputed," and that "[f]or purposes of [its] opinion, [the Court would] *assume* that PAGA plaintiffs are agents." *Viking River*, 596 U.S. at 646 n.2 (emphasis added); *see also Lawson*, 2024 WL 396183, at *3. Indeed, in the same footnote Plaintiff relies on, the Supreme Court recognized (just as *Magadia* did) that unlike traditional *qui tam* actions, PAGA "does not feature any explicit control mechanisms, such as provisions authorizing the State to intervene or requiring its approval of settlements." *Viking River*, 596 at 646 n.2; *accord Magadia*, 999 F.3d at 677 (holding that PAGA involves

[4] Plaintiffs' counsel in this case is also counsel for the plaintiffs in *Lawson*.

10

DLA PIPER LLP (US)
LOS ANGELES

CASE NO. 8:18-CV-01007-JGB-KK

**COVERALL NORTH AMERICA, INC.'S REPLY IN SUPPORT OF ITS RENEWED MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

a "permanent, full assignment of California's interest to the aggrieved employee").

That *Viking River* did not in fact undermine *Magadia* is further evidenced by the fact that no court has discerned the conflict Plaintiff asserts exists. To the contrary, in the years since *Viking River* was issued, the courts in this Circuit have continued to apply the principles *Magadia* announced and to dismiss PAGA actions for lack of standing when, as here, the named representative lacks the requisite personal injury. *See Sarmiento v. Sealy, Inc.*, No. 21-16562, 2022 WL 4008004, at *2 (9th Cir. Sept. 2, 2022) (plaintiff who lacks standing to individually pursue a Labor Code claim "also lack[s] standing to assert [his] derivative PAGA claim"); *Castro v. PPG Indus., Inc.*, No. 21-55340, 2022 WL 3681305, at *2 (9th Cir. Aug. 25, 2022) (plaintiff lacked Article III standing to press PAGA claim challenging his employer's "use of prospective meal-break waivers" because he "never signed such a waiver" and therefore had no injury in fact); *see also Lawson*, 2024 WL 396183, at *4 (holding that the plaintiff lacked Article III standing to pursue PAGA penalties for alleged overtime and expense reimbursement violations because "he did not personally suffer those kinds of violations."); *see also* Dkt. 115-1 at Page ID#: 2355 at n.4 (collecting cases).

## III. CONCLUSION

For the foregoing reasons, and for the reasons set forth in Coverall's moving papers, this Court should dismiss this action for lack of standing.

Dated: September 10, 2024

**DLA PIPER LLP (US)**

By: */s/ Norman M. Leon*

JULIE A. DUNNE
NORMAN M. LEON (*Admitted pro hac vice)*
Attorneys for Defendant
COVERALL NORTH AMERICA, INC.

DLA PIPER LLP (US)
LOS ANGELES

11

CASE NO. 8:18-CV-01007-JGB-KK

COVERALL NORTH AMERICA, INC.'S REPLY IN SUPPORT OF ITS RENEWED MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION